Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS0034
Gregory J. Gorski, I.D. No. GJG 3241
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GARDENIA OCASIO**  Plaintiff,  v.  **EQUIFAX MORTGAGE SOLUTIONS, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, CORELOGIC CREDCO, LLC, and KROLL FACTUAL DATA, INC.**  Defendants. | Civil Action No.  **COMPLAINT**  **JURY TRIAL DEMANDED**  **NON-ARBITRATION** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Gardenia Ocasio, against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## THE PARTIES

2. Plaintiff Gardenia Ocasio is an adult individual residing in Killeen, TX.

3. Defendant Equifax Mortgage Solutions (hereafter "EMS") is a business entity which regularly conducts business in the District of New Jersey and which has a principal place of business located at 6 Clementon Road East, Suite A2, Gibbsboro, NJ 08026.

4. Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in the District of New Jersey and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

5. Defendant, Experian Information Solutions, Inc., (hereafter "Experian") is a business entity which regularly conducts business in the District of New Jersey and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

6. Defendant, Equifax Information Services LLC (hereafter "Equifax") is a business entity which regularly conducts business in the District of New Jersey and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

7. Defendant, CoreLogic Credco, LLC (hereafter "Credco") is a business entity that regularly conducts business in the District of New Jersey and which has a principal place of business located at 12395 First American Way, Poway, California 92064.

8. Defendant Kroll Factual Data, Inc. ("Kroll") is a business entity that regularly conducts business in the District of New Jersey and which has a place of business located at 5200 Hahns Peak Drive Loveland, CO 80538.

## JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331..

10. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

11.  Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") since at least April 2013 through the present.

12.  The inaccurate information includes, but is not limited to, accounts with NCO FIN/33, United Collections Serc, USAA SB, EOS CCA, Portfolio Recovery, Chase/Bank One Card Serv, Comenity Bank/Beallson, Safe Home Security Inc. and GECRB/JC Penney Statesid as well as other personal information.

13.  The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer.  Due to Defendants' Experian, Equifax and TransUnion's faulty procedures, these Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

14.  Further, due to Defendants Credco, Kroll and EMS' faulty procedures, Credco, Kroll and EMS prepared credit reports with inaccurate information from Defendants Trans Union, Experian and Equifax that belonged to another consumer.

15.  Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

16.  Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit,

and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

17. Further, in connection with Plaintiff's request for his consumer file, Defendant Equifax failed to provide Plaintiff a complete and proper copy of his file.

18. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### COUNT I – TRANS UNION, EXPERIAN, CREDCO, KROLL AND EMS VIOLATIONS OF THE FCRA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

26. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## COUNT II – EQUIFAX
## VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to

assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

32. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. § 1681g.

33. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

30. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark Mailman and Gregory Gorski as trial counsel in the above-captioned matter.  Plaintiff reserves the right to amend this designation as necessary.

**ARBITRATION CERTIFICATION**

I, Mark Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court.

                              **FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark Mailman*
          MARK MAILMAN, ESQUIRE
          GREGORY GORSKI, ESQUIRE
          Land Title Building, 19th Floor
          100 South Broad Street
          Philadelphia, PA 19110
          (215) 735-8600

          Attorneys for Plaintiff

Dated: March 12, 2014