IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARDENIA OCASIO<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX MORTGAGE SOLUTIONS, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, CORELOGIC CREDCO, LLC, and KROLL FACTUAL DATA, INC.<br><br>    Defendants. | Civil Action No. 1:14-cv-01585-NLH-JS<br><br>**DEFENDANT CORELOGIC CREDCO, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

CoreLogic Credco, LLC ("Credco"), through its undersigned counsel, now answers the Complaint of Plaintiff Gardenia Ocasio ("Plaintiff"). Credco generally denies all allegations in the Complaint that it does not expressly admit in this Answer. Credco further denies that it willfully or negligently violated any law, either individually or collectively with any other individual or entity.

In answering the Complaint, Credco is responding to the allegations only on behalf of itself, even if the allegations pertain to alleged conduct by itself and the other Defendants – Equifax Mortgage Solutions ("Equifax Mortgage"); Trans Union, LLC ("TU"); Experian Information Solutions, Inc. ("Experian"); Equifax Information Services, LLC ("Equifax"); and Kroll Factual Data, Inc. ("Kroll") (collectively the "other Defendants").

Credco responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

## PRELIMINARY STATEMENT

1. In response to paragraph 1 of the Complaint, Credco admits that Plaintiff purports to bring an action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, but denies any violations therein.

## THE PARTIES

2-6. In response to paragraphs 2 through 6 of the Complaint, Credco denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

7. In response to paragraph 7, Credco admits that it conducts business in the District of New Jersey, but only as a reseller as defined in 15 U.S.C. § 1681a(u) of the FCRA. Credco denies the remaining allegations in paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Credco denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

## JURISDICTION AND VENUE

9. Credco admits the allegations in paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Credco denies the allegations because Credco lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

## FACTUAL ALLEGATIONS

11-13. In response to paragraphs 11 through 13 of the Complaint, Credco denies the allegations to the extent the allegations relate to Credco. To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

14. In response to paragraph 14 of the Complaint, Credco denies the allegations to the extent the allegations relate to Credco. To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

15. In response to paragraph 15 of the Complaint, Credco denies the allegations to the extent the allegations relate to Credco. To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

16. In response to paragraph 16 of the Complaint, Credco denies the allegations to the extent the allegations relate to Credco. To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

17-20. In response to paragraphs 17 through 20 of the Complaint, Credco denies the allegations to the extent the allegations relate to Credco. To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

## CLAIM I – TRANS UNION, EXPERIAN, CREDCO, KROLL AND EMS ALLEGED VIOLATIONS OF THE FCRA

21. Credco realleges and incorporates by reference paragraphs 1 through 20 of this Answer as if fully restated.

22. In response to paragraph 22 of the Complaint, Credco admits that it engages in activity that meets the definition of "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) of the FCRA, but only to the extent of its activities as a "reseller" as that term is defined by 15 U.S.C. § 1681a(u). Credco denies the remaining allegations to the extent the allegations relate to Credco. To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

23. In response to paragraph 23 of the Complaint, Credco denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

24. In response to paragraph 24 of the Complaint, Credco denies the allegations because paragraph 24 states nothing more than a legal conclusion. To the extent a response is required, Credco denies the allegations for lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

25. In response to paragraph 25 of the Complaint, Credco denies the allegations to the extent the allegations relate to Credco. To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

26. In response to paragraph 26 of the Complaint, Credco denies the allegations to the extent the allegations relate to Credco. To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

## CLAIM II – EQUIFAX
## ALLEGED VIOLATIONS OF THE FCRA

27. Credco realleges and incorporates by reference paragraphs 1 through 26 of this Answer as if fully restated.

28-33. In response to paragraphs 28 through 33 of the Complaint, Credco denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

## JURY TRIAL DEMAND

34. Credco demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

35. Credco denies that Plaintiff is entitled to the relief requested in her PRAYER.

## DESIGNATION OF TRIAL COUNSEL

In response to Plaintiff's DESIGNATION OF TRIAL COUNSEL, Credco states that no responsive pleading is required. Regardless, Credco denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

## ARBITRATION CERTIFICATION

In response to Plaintiff's ARBITRATION CERTIFICATION, Credco states that no responsive pleading is required. Regardless, Credco denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint that have previously been denied and without admitting or acknowledging that Credco bears any burden of proof as to the allegations in the Complaint, Credco asserts the following additional defenses. Credco also intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer in order to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's Complaint fails because the allegations do not meet the plausibility standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), and Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).

## THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail herself of the rights she claims under the FCRA.

## FOURTH ADDITIONAL DEFENSE

The Complaint is subject to a set off if any damages are awarded against Credco, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. Credco is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by Credco, and those third parties were the sole cause of any such damages.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

## NINTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to protect herself from damages, if any, and failed to mitigate any such alleged damages.

## TENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against Credco to the extent that the Complaint, and each of its purported causes of action, is barred by the doctrines of waiver, accord and satisfaction, payment, illegality, laches, estoppel, res judicata, and/or release.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against Credco to the extent that the Complaint, and each of its purported causes of action, is barred by any applicable statute of limitations.

## TWELFTH ADDITIONAL DEFENSE

Credco reserves the right to assert additional defenses as they become known.

WHEREFORE, Credco prays for judgment as follows:

(a) That Plaintiff takes nothing by reason of her Complaint in this matter;

(b) That judgment be rendered in favor of Credco and that the Complaint be dismissed with prejudice;

(c) That Credco be awarded its costs of suit in this matter, including reasonable attorneys' fees if available; and

(d) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of July, 2014.

/s/ Sharon F. McKee
Sharon F. McKee
Bonnie M. Hoffman
HANGLEY ARONCHICK SEGAL PUDLIN
& SCHILLER
20 Brace Road, Suite 201
Cherry Hill, NJ 08034-2634
Telephone: (856) 616-2100
Telecopier: (856) 616-2170
Email: smckee@hangley.com
       bmh@hangley.com

Attorneys for Defendant
CoreLogic Credco, LLC

## CERTIFICATE OF SERVICE

I certify that on the 28th day of July, 2014, I electronically filed the foregoing Defendant Corelogic Credco, LLC's Answer to Plaintiff's Complaint with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

Gregory Gorski
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

*Attorneys for Plaintiff*

Dorothy Kowal
PRICE, MEESE, SHULMAN &
D'ARMINIO, P.C.
50 Tice Boulevard
Woodcliff Lake, NJ  07677

Necia B. Hobbes, Esquire
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA  15219

*Attorneys for Defendant
Experian Information Solutions, Inc.*

William R. Brown
SCHUCKIT & ASSOCIATES PC
4545 Northwestern Drive
Zionsville, IN  46077

*Attorneys for Defendant
Trans Union, LLC*

Debra Albanese
TRAFLET & FABIAN
264 South Street
Morristown, NJ  07960

*Attorneys for Defendants
Equifax Information Services LLC
and Equifax Mortgage Solutions*

/s/ Sharon F. McKee
Sharon F. McKee