IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| GARDENIA OCASIO, | : | CASE NO. 1:14-CV-01585-NLH-JS |
| Plaintiff, | : | |
| v. | : | |
| EQUIFAX MORTGAGE SOLUTIONS, et al., | : | **MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF MOTION OF DEFENDANT CORELOGIC CREDCO, LLC FOR SUMMARY JUDGMENT** |
| Defendants. | : | |
| | : | |

_____

1. Defendant CoreLogic Credco, LLC ("Credco") moves for leave to submit supplemental authority in further support of its motion for summary judgment [Doc. No. 47] ("Motion").

2. During the pendency of the Motion, another federal court granted summary judgment to a reseller (like Credco) based on legal issues similar to those involved in this case.

3. Specifically, Credco seeks to bring to this Court's attention a recent opinion decided on July 17, 2015 by the United States District Court for the Eastern District of Virginia in Rodriguez v. Equifax Information Services, LLC, No. 1:14-cv-01142, 2015 U.S. Dist. LEXIS 93560 (E.D. Va. July 17, 2015).

Although Equifax ordinarily is a general consumer reporting agency under the Fair Credit Reporting Act, the Rodriguez court analyzed Equifax's role in the case as a "reseller," as Equifax furnished a tri-merge report that contained information that Equifax received from Experian and Trans Union.  The court found that the record was "wholly insufficient to establish that Equifax's violation of § 1681e(b) was willful or negligent when it included in Plaintiff's report [inaccurate information] obtained from Experian's database, or . . . Trans Union's database." Rodriguez, 2015 U.S. Dist. LEXIS 93560, at *21.

       4.      The Rodriguez court favorably cited to Jianqing Wu v. Trans Union, No. AW-03-1290, 2006 U.S. Dist. LEXIS 96712, *22 (D. Md. May 2, 2006), aff'd, 219 F. App'x 320 (4th Cir. 2007), which held that making a consumer reporting agency liable for "relying on the records of businesses" that are "identified as trustworthy, would vitiate one of the purposes of the FCRA, to facilitate commerce."  The Rodriguez court also favorably relied on Smith v. Auto Mashers, Inc., 85 F. Supp. 2d 638, 641 (W.D. Va. 2000), along with Henson v. CSC Credit Servs., 29 F.3d 280, 285 (7th Cir. 1994), specifically for the proposition that "[a]bsent some prior indication that the information is inaccurate, it is reasonable and cost efficient to report information without independent verification."  2015 U.S. Dist. LEXIS 93560, at *21.

5.      The <u>Rodriguez</u> case affirms that Credco, particularly in its role as a reseller, is in no position to evaluate or re-investigate the information obtained from trustworthy sources like Experian, Trans Union, and Equifax (collectively, "NCRAs").  <u>See</u> Memorandum of Law in Support of Motion of Defendant CoreLogic Credco, LLC for Summary Judgment [Doc. No. 47-1], pp. 20-25 (PageID 291-296).  Indeed, Equifax (which has its own database) was in a superior position in <u>Rodriguez</u> to evaluate the information being reported by the other two NCRAs when compared to Credco (which as a reseller is prohibited from maintaining a database), and yet the court extended no such duty to Equifax.  Credco was entitled as a matter of law to rely on the presumed accuracy of the information being reported by the NCRAs in this case.  A copy of the <u>Rodriguez</u> opinion is attached as Exhibit A.

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER


/s/ Bonnie M. Hoffman
Sharon F. McKee
Bonnie M. Hoffman
20 Brace Road, Suite 201
Cherry Hill, NJ 08034-2634
Telephone: (856) 616-2100
Telecopier: (856) 616-2170
Email:  smckee@hangley.com
         bhoffman@hangley.com

Ronald I. Raether, Jr. (pro hac vice)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3700
Telecopier: (937) 227-2717
Email:  rraether@ficlaw.com

Attorneys for Defendant
CoreLogic Credco, LLC

4