IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GARDENIA OCASIO, | |
| Plaintiff, | Civ. No. 14-1585 (NLH/JS) |
| v. | **OPINION** |
| CoreLogic Credco, LLC, | |
| Defendant. | |

Appearances:

GREGORY JOSEPH GORSKI
MARK D. MAILMAN
FRANCIS & MAILMAN, P.C.
LAND TITLE BUILDING
19TH FLOOR
100 SOUTH BROAD STREET
PHILADELPHIA, PA 19107
*Attorneys for plaintiff*

BONNIE M. HOFFMAN
SHARON F. MCKEE
HANGLEY ARONCHICK SEGAL & PUDLIN, P.C.
20 BRACE ROAD
SUITE 201
CHERRY HILL, NJ 08034
*Attorneys for defendant*

**HILLMAN**, District Judge

This is an action for damages brought by an individual consumer, Gardenia Ocasio ("Plaintiff"), against Defendant CoreLogic Credco, LLC ("Credco") for an alleged violation of the

1

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, <u>et seq.</u> Credco moves for summary judgment on Plaintiff's only claim against it pursuant to 15 U.S.C. § 1681e(b). Credco also seeks to seal various documents filed in support of its motion for summary judgment and requests that the Court consider supplemental authority in further support of its motion. For the reasons explained below, Credco's motion for summary judgment will be denied. Credco's motions to seal and to provide supplemental authority will be granted.

I.  **FACTUAL BACKGROUND**

Plaintiff alleges that the three national credit bureaus, Experian, Equifax, and TransUnion, provided Credco with inaccurate information regarding Plaintiff's credit history which Credco then included in its credit reports. Plaintiff alleges that by failing to identify the inaccurate information it received from the credit bureaus Credco failed to comply with Section 1681e(b) of the FCRA which requires consumer reporting agencies to follow reasonable procedures to assure accurate credit reporting.

Specifically, Plaintiff alleges Credco generated and sold credit reports about Plaintiff in October 2013, November 2013

2

and March 2014 based on information it received from Experian, Equifax and TransUnion. Plaintiff alleges her Credco credit report contained derogatory collection accounts which belonged to her grandmother. Thus, Plaintiff's credit reports contained accounts concerning a consumer with a 1938 birth year (Plaintiff's grandmother) and a 1987 birth year (Plaintiff). Further, several of the accounts on Plaintiff's Credco credit reports were reported as "creditor: UNKNOWN." Plaintiff contends that because Credco did not provide the identity of these creditors she was unable to inquire about the delinquent accounts. Plaintiff alleges this mixed and missing information in her Credco credit reports negatively impacted her credit score and affected her ability to refinance her mortgage.

## II.  JURISDICTION

Plaintiff brings this action against Credco asserting a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. The Court therefore has subject matter jurisdiction over these federal claims under 28 U.S.C. § 1331.

## III. STANDARDS OF LAW

### A. Motion for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477

4

U.S. at 323.  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

   **B. Motion to Seal**

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to materials filed with the Court and judicial proceedings themselves.  The Rule provides that in order to place a docket entry under seal, the motion to seal must be publicly filed and "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

L. Civ. R. 5.3(c)(2).  The party moving to seal must submit a proposed order that contains proposed findings of fact and conclusions of law.  <u>Id.</u>

**IV.  <u>DISCUSSION</u>**

  **A.  Fair Credit Reporting Act**

The stated purpose of the Fair Credit Reporting Act (FCRA) is "... to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C.A. § 1681(b).  "The ... FCRA ... was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." <u>Cortez v. Trans Union, LLC</u>, 617 F.3d 688, 706 (3d Cir. 2010) (citations omitted).

Plaintiff's sole claim against Credco is pursuant to Section 1681e(b) of the FCRA.  Section 1681e(b) requires

6

consumer reporting agencies preparing consumer reports to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C.A. § 1681e(b).

Credco admits it is a "reseller"[1] of credit information as defined by the FCRA. See Credco Ans. ¶ 22 [Doc. No. 33]; Pl.'s Opp., Ex. E, Jan. 30, 2015 Vela Dep. 23:6-8 [Doc. No. 50-6]. Credco also admits as a reseller it is obliged to comply with Section 1681e(b) of the FCRA which requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information sold in its reports. See Jan. 30, 2015 Vela Dep. at 23:17-22; Pl.'s Opp., Ex. C, Oct. 23, 2013 Barnard Dep. 27:3-8 [Doc. No. 50-4].

In order to state a violation of Section 1681e(b), a plaintiff must allege: (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to

---

[1] The FCRA defines a "reseller" as a subcategory of consumer reporting agencies which "assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." 15 U.S.C. § 1681a(u).

7

defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.  Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir. 1996), abrogated on other grounds by Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010).  Here, Credco disputes that any inaccuracies in Plaintiff's credit report were due to its failure to follow reasonable procedures.  "The reasonableness of a consumer reporting agency's procedures is 'normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'"  Cortez v. Trans Union, LLC, 617 F.3d 688, 709 (3d Cir. 2010) (citation omitted).

In Philbin, supra, The Third Circuit noted three different approaches courts have taken to determine if there is sufficient evidence to raise a question of fact as to the reasonableness of a consumer reporting agency's procedures.  Philbin, 101 F.3d at 966. Those three approaches are: (1) the plaintiff can show evidence, beyond a mere inaccuracy, that the consumer reporting agency failed to follow reasonable procedures; (2) there is evidence from which a jury may infer a consumer reporting

8

agency's failure to follow reasonable procedures from the mere fact of an inaccuracy; and (3) that upon demonstrating an inaccuracy, the burden shifts to the defendant to prove that reasonable procedures were followed.  Id.  The Third Circuit in Philbin declined to endorse a specific approach since the plaintiff produced sufficient evidence to meet any of the three approaches.  Id.  The same conclusion was reached in Cortez v. Trans Union, LLC, 617 F.3d 688, 710 (3d Cir. 2010).  Likewise, the same conclusion is reached here.

Plaintiff produced evidence beyond a mere inaccuracy which raises a fact question as to whether Credco followed reasonable procedures.  See Vela Decl., Exs. 1-4 [Doc. No. 47-2]. Plaintiff has shown that Credco sold credit reports regarding Plaintiff which contained derogatory account information belonging to another individual.  Plaintiff has shown the inaccuracy of this information was obvious on the face of her credit reports which reported accounts owned by individuals with different birth years (1938 vs. 1987).  Id.  Further, Credco concedes it did not verify the data it received from the credit bureaus.  See Credco's Statement of Material Facts ¶¶ 8, 16 [Doc. No. 48].

Credco argues its procedures were reasonable as a matter of law because it accurately complied and reported information collected from the credit bureaus.  For the same reasons articulated in Perez v. Trans Union, LLC, 526 F. Supp. 2d 504, 509 (E.D. Pa. 2007), abrogated on other grounds by Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010), the Court rejects Credco's contention.  The Perez court found that even though Credco obtained its information from the credit bureaus there remained a question of fact as to whether it followed reasonable procedures to ensure the accuracy of its reports pursuant to Section 1681e(b).  Id. at 509.  The court noted that Credco reiterated inaccurate information and did not independently verify the data it received.  Id.  Therefore, the court concluded,

> [T]he question left for the trier of fact is whether Credco reasonably ought to have appreciated, under the circumstances presented, that there was a material inaccuracy such that a duty arose upon it to do something to correct it or not make a report. If a duty arose, the trier of fact will have to determine whether the type of credit reporting for which Credco was engaged by its customer reasonably required that it do more than accurately reiterate what the credit bureaus were reporting. Plaintiff will have the burden of proving what, at a minimum, would have been reasonable, under the circumstances, including the business costs of any suggested alternative.

10

Id. at 509.  Other courts have similarly rejected Credco's contention that a "reseller" under the FCRA need only accurately reproduce information furnished to it by other credit bureaus. See Dively v. TransUnion, LLC, No. 11-3607, 2012 WL 246095, *3 (E.D. Pa. Jan. 26, 2012) ("DataQuick cites no case law which distinguishes the duties of resellers under § 1681e(b) from the duties of any other type of CRA."); Starkey v. Experian Info. Solutions, Inc., 32 F. Supp. 3d 1105, 1109 (C.D. Cal. 2014) (finding that while "resellers" are a subcategory of "credit reporting agencies" as defined by the FCRA, "nowhere does the FCRA set forth a different standard in § 1681e(b)" which requires consumer reporting agencies to employ reasonable procedures to provide accurate information); Dirosa v. Equifax Info. Servs. LLC, No. 13-131, 2014 WL 3809202, at *3 (C.D. Cal. Jan. 21, 2014) ("Plaintiff has raised a genuine dispute as to whether Defendant's reports were inaccurate because they included information that was incorrect on its face.").

Additionally, Credco argues it is required to report the information it receives from the credit bureaus without alteration.  Credco, however, has not cited any statutory authority for this proposition.  Instead, Credco refers only to

11

its duties under business contracts with the credit bureaus which do not require it to independently verify the information it receives before reselling the information. See Feb. 25, 2015 Vela Dep. 30:13-32:3 [Doc. 50-2].

The Court also rejects Credco's argument that because the FCRA sets forth different requirements for resellers in other parts of the statute, resellers should likewise be subject to different requirements with regard to Section 1681e(b). Section 1681e(b) sets requirements for consumer reporting agencies and does not carve out any exceptions for resellers.

Relatedly, Credco argues that the statutory definition of "reseller" exempts resellers from the duties of consumer reporting agencies. Specifically, Credco argues that while consumer reporting agencies assemble or evaluate consumer credit information (see 15 U.S.C. § 1681a(f)), resellers only assemble and merge consumer credit information (see 15 U.S.C. § 1681a(u)), and therefore resellers are not required to evaluate the information they receive for accuracy. This argument fails because the act of evaluation is not a necessary component to the definition of a consumer reporting agency since it

12

alternatively includes the act of assembling, which Credco indisputably did in this case.[2]

In sum, under any of the three approaches articulated by the Third Circuit in Philbin, supra, Plaintiff has shown sufficient evidence to raise a fact question as to whether Credco acted reasonably pursuant to Section 1681e(b) of the FCRA in generating Plaintiff's credit reports.

B.  **Motion to Seal**

Credco requests that the Court seal Plaintiff's credit reports attached as Exhibits 1 through 4 to the Declaration of Mercedes Vela (attached as Exhibit A to Credco's Memorandum of Law in Support of the Motion for Summary Judgment [Doc. No. 47-2]) and the January 30, 2015 Deposition of Mercedes Vela (attached as Exhibit C to Credco's Reply Memorandum [Doc. No. 54]).  No opposition to these motions has been filed.

The Court has reviewed the documents that are the subject of the motions to seal and concludes that sealing is warranted

---

[2] Credco also poses a sundry of policy arguments regarding why the role and duties of a reseller should be limited and argues that "Plaintiff's new model could lead to the demise of resellers altogether."  See Reply Br. at 12.  However, the Court declines to rewrite the statutory requirements codified in 15 U.S.C. § 1681e(b) for consumer reporting agencies such as Credco.

13

at this time. As an initial matter, the Court notes that while litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1995). In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976, 108 S.Ct. 487 (1987)).

   Here, Plaintiff's credit reports contain her confidential and personal identifying information including, but not limited to, account information, social security number, and addresses. Similarly, the deposition excerpts also contain Plaintiff's personal identifying financial information as well as confidential and proprietary information related to Credco's business operations.

The Court finds that the factors set forth in L. Civ. R. 5.3(c) are satisfied.  The information to be sealed is nonpublic personal financial or business information.  If Plaintiff's credit reports and the deposition excerpts are not sealed, Plaintiff's personal financial information and Credco'a confidential and proprietary business information would become public information, therefore Plaintiff and Credco would be harmed.  Furthermore, less restrictive alternatives are not available, since the information is pervasive throughout Plaintiff's credit reports and the deposition excerpts.

In balancing the potential injury to Plaintiff and Credco if their information becomes publicly available versus the public interest in access to judicial proceedings, the Court finds good cause for granting Credco's motions to seal.

**C.  Supplemental Authority**

Credco also requests leave to supplement its briefing with Rodriguez v. Equifax Info. Servs. LLC, No. 14-1142, 2015 WL 4417285 (E.D. Va. July 17, 2015).  The Court has considered Rodriguez but it finds it distinguishable.  In Rodriguez, the court found that the plaintiff could not establish a violation of Section 1681e(b) where Equifax obtained its information from

15

other credit bureaus.  The Court found that absent an indication that the information was inaccurate upon receipt Equifax was not negligent.

Rodriguez is not persuasive because it does not apply the Third Circuit's reasoning in Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir 1996) and Cortez v. Trans Union, LLC, 617 F. 3d 688, 709 (3d Cir. 2010).  The court in Cortez specifically found that "Congress surely did not intentionally weave an exception into the fabric of the FCRA that would destroy its remedial scheme by allowing a consumer reporting agency to escape responsibility for its carelessness whenever misleading information finds its way into a credit report through the agency of a third party."  Cortez v. Trans Union, LLC, 617 F.3d 688, 710 (3d Cir. 2010).

**V.   CONCLUSION**

For the foregoing reasons, Credco's motion for summary judgment will be denied [Doc. No. 47]. Credco's motions to seal [Doc. Nos. 44, 52] and to provide supplemental authority [Doc. No. 56] will be granted.

            __s/ Noel L. Hillman_____
            NOEL L. HILLMAN, U.S.D.J.

Dated:_September 29, 2015____
At Camden, New Jersey

16