UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARDENIA OCASIO,<br><br>    Plaintiff,<br><br>    v.<br><br>CoreLogic Credco, LLC,<br><br>    Defendant. | Civ. No. 14-1585 (NLH/JS)<br><br>OPINION |

Appearances:

Gregory Joseph Gorski
Mark D. Mailman
Francis & Mailman, P.C.
Land Title Building
19th Floor
100 South Broad Street
Philadelphia, PA 19107
    *Attorneys for Plaintiff*

Bonnie M. Hoffman
Sharon F. McKee
Hangley Aronchick Segal & Pudlin, P.C.
20 Brace Road
Suite 201
Cherry Hill, NJ 08034
    *Attorneys for Defendant*

**HILLMAN**, District Judge

    Before the Court is a motion for reconsideration, or in the alternative, for certification of an interlocutory appeal, filed

1

by Defendant CoreLogic Credco, LLC ("Credco") [Doc. No. 61]. Credco seeks reconsideration of the Court's September 29, 2015 Opinion and Order denying Credco's motion for summary judgment. In its Opinion and Order the Court found that there was a genuine question of fact as to whether Credco acted reasonably pursuant to Section 1681e(b) of the FCRA in generating Plaintiff's credit reports which contained derogatory information about another individual.

In the alternative, pursuant to 28 U.S.C. § 1292(b), Credco moves for an order certifying an interlocutory appeal with respect to the issue of whether a "reseller" such as Credco "is required to 'verify' (i.e., evaluate) the information sent to it by consumer reporting agencies under 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act ("FCRA")." (Br. at 1.) For the reasons explained below, Credco's motion for reconsideration will be denied. Credco's motion for interlocutory appeal will also be denied.

A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary

judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, <u>P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp.</u>, 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, <u>S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ.</u>, 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

Additionally, district courts may grant leave to file an interlocutory appeal where there is a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292.  Stated a different way, in determining whether interlocutory certification is appropriate the Third

3

Circuit requires that: (1) the dispute involves a controlling question of law, (2) there is substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately the decision will materially advance the ultimate termination of the litigation.  Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).  "Denial of permission to appeal may be based upon a different assessment than that of the district court as to any of the three criteria."  Id.

The Court finds Credco's motion for reconsideration is based solely on the reargument of its motion for summary judgment which is not an appropriate basis for relief.  The Court's prior Opinion cited numerous cases where the court determined there was a question of fact as to whether a reseller of credit reports followed reasonable procedures to ensure the accuracy of its reports pursuant to Section 1681e(b) where the reseller relayed materially inaccurate information about a consumer.  See Sept. 29, 2015 Op. at 10-11 (citing Perez v. Trans Union, LLC, 526 F. Supp. 2d 504, 509 (E.D. Pa. 2007), abrogated on other grounds by Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010); Dively v. TransUnion, LLC, No. 11-3607, 2012 WL 246095, *3 (E.D. Pa. Jan. 26, 2012); Starkey v. Experian

4

Info. Solutions, Inc., 32 F. Supp. 3d 1105, 1109 (C.D. Cal. 2014); Dirosa v. Equifax Info. Servs. LLC, No. 13-131, 2014 WL 3809202, at *3 (C.D. Cal. Jan. 21, 2014)).

In its motion for reconsideration, Credco again argues it did not have a statutory duty to follow reasonable procedures to ensure the accuracy of its reports, an argument squarely rejected by the Court in its Opinion.  Further, Credo cites no new controlling case law in support of its position.  Credco also argues that the Court overlooked "proven facts" regarding the reasonableness of its procedures.  However, the Court previously found that based on the fact that Credco sold credit reports regarding Plaintiff which contained derogatory account information belonging to another individual there was a question of fact as to whether Credco's procedures were reasonable.  (See Sept. 29, 2015 Op. at 9.)  In sum, Credo cites no intervening change in the controlling law, no new evidence, and does not persuade the Court of the need to correct a clear error of law or fact or to prevent manifest injustice.[1]

---

[1] Credco also argues that the Court did not consider section 1681i(f) of the FCRA which contemplates a reseller's duties during an accuracy dispute.  The Court is not convinced that a reseller's limited duties specifically confined to that section apply to other unrelated sections of the FCRA.  15 U.S.C. 1681i(f)(1).

Additionally, the Court finds interlocutory appeal is unwarranted.  For the same reasons discussed, <u>supra</u>, Credco has not shown there is substantial ground for difference of opinion as to its obligations as a reseller under the FCRA.  Accordingly, Credco's motion for interlocutory appeal will also be denied.  An appropriate Order will be entered.

                                                __ s/ Noel L. Hillman_____
                                                NOEL L. HILLMAN, U.S.D.J.

Dated: April 29, 2016
At Camden, New Jersey